13-2852-cv
*De La Pena v. Metro. Life Ins. Co.*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

—————————————————————————————

ABDON DE LA PENA,

> *Plaintiff-Appellant*,

> v.                                                                              No. 13-2852-cv

METROPOLITAN LIFE INSURANCE COMPANY, SANG IM,

> *Defendants-Appellees,*

KATHY DEAS,

> *Defendant.*

—————————————————————————————

**FOR PLAINTIFF-APPELLANT:**            Alan E. Wolin, Wolin & Wolin, Jericho, NY.

**FOR DEFENDANTS-APPELLEES:**          Stephen E. Tisman, Valerie D. Ringel,
                                                                   Margolis & Tisman LLP, New York, NY.

Appeal from a July 12, 2013 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiff-Appellant Abdon De La Pena ("De La Pena") appeals from the District Court's judgment dismissing his complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Here, an independent review of the record and relevant case law reveals that the District Court properly dismissed De La Pena's claim against the defendants. A plaintiff seeking to recover under Title VII must file a discrimination charge with the EEOC within 300 days of the occurrence of the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Accordingly, the District Court properly dismissed as time-barred De La Pena's Title VII claims based on allegations of conduct that occurred beyond this 300-day limitation. De La Pena argues on appeal that such claims are proper pursuant to the so-called "continuing violation" exception, under which "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone, would have been barred by the statute of limitations." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997). Yet De La Pena's allegations of discriminatory treatment and hostile work environment amount to "[d]iscrete incidents . . . unrelated to an identifiable policy or practice," which "will not ordinarily amount to a continuing violation." *Id.* (citation and internal quotations omitted).

2

The District Court dismissed De La Pena's timely discrimination claims for failure to raise a facially plausible inference that defendants' actions were motivated by racial animus. Plaintiff contends on appeal that by requiring such an inference the District Court disregarded the Supreme Court's holding in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 515; *see also Twombly*, 550 U.S. at 570 (reaffirming the continuing vitality of *Swierkiewicz*). Yet the District Court, with reliance on *Swierkiewicz*, expressly recognized that De La Pena need not plead facts sufficient to establish a prima facie case. That the Court then dismissed plaintiff's claim for failure to allege facts showing a plausible inference of discrimination is wholly consistent with *Swierkiewicz*. The Court simply reached the conclusion that plaintiff's bald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently—were implausible and insufficient to survive a motion to dismiss.

Finally, plaintiff contends in conclusory fashion that the District Court erred in dismissing his hostile work environment and constructive discharge claims. After review, we conclude that the District Court properly dismissed these claims for the reasons set forth in its comprehensive opinion.

We have considered all of De La Pena's arguments and find them to be without merit. Accordingly, we **AFFIRM** the July 12, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3